[Cite as *In re R.Mc.*, 2018-Ohio-1260.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| IN RE R.Mc., | : | Case No. 17CA40 |
| | : | |
| | : | <u>DECISION AND</u> |
| ADJUDICATED NEGLECTED AND | : | <u>JUDGMENT ENTRY</u> |
| DEPENDENT CHILD. | : | |
| | : | **RELEASED: 03/29/2018** |

_____

<u>APPEARANCES</u>:

David J. Winkelmann, Millfield, Ohio, for Appellant.

Keller J. Blackburn, Athens County Prosecuting Attorney, and Merry M. Saunders, Athens County Assistant Prosecuting Attorney, Athens, Ohio, for Appellee.

_____

Harsha, J.

{¶1}   The mother appeals the trial court's decision granting permanent custody of her child to Athens County Children Services ("the agency"); she contends that the trial court erred when it failed to find by clear and convincing evidence that kinship placement with the maternal grandmother was unsuitable prior to awarding permanent custody.  The mother acknowledges that under Ohio law, a trial court is not required to find by clear and convincing evidence that kinship placement is unsuitable. However, she argues for a change in the evidentiary standard in order to preserve some aspect of a parent's right to care and custody of the child and to preserve sibling relationships. However, the Supreme Court of Ohio has already considered this issue and has ruled that, under the relevant statutory provisions, a trial court has no duty to find by clear and convincing evidence that no suitable kinship placement was available in order to award permanent custody to an agency. Thus any change in the standard will have to come from that court or the legislature.

**{¶2}** We overrule the mother's assignment of error and affirm the trial court's judgment.

## I. FACTS & PROCEDURAL HISTORY

**{¶3}** The agency filed a dependency complaint and motion requesting temporary custody of R.Mc. due to concerns over the mother's substance abuse and overall instability. R.Mc.'s father is currently serving an extended prison term and was in prison during all relevant times. The trial court adjudicated R.Mc. a neglected and dependent child and granted the agency temporary custody. The agency filed a motion for permanent custody after the mother failed to address her substance abuse issues. In response, the mother filed a motion asking the trial court to grant legal custody to R.Mc.'s maternal grandmother.

**{¶4}** In a permanent custody hearing in October 2017 the agency presented testimony about efforts to reunify the family, as well as possible placement with various relatives. A social worker who had been counseling R.Mc. testified that the child was fearful of the maternal grandmother because she had hit R.Mc., splitting the child's lip, and that the child had stated a preference to live with the foster parents. A kinship caseworker testified that she investigated R.Mc.'s maternal grandmother for possible kinship placement but she had a number of concerns, including the grandmother's own long history with the agency involving neglect allegations.

**{¶5}** On cross-examination the grandmother admitted that she had past involvement with the agency involving her own children and neglect allegations. The grandmother admitted that she had hit R.Mc. and split the child's lip after the child had surprised her by coming up behind her.

**{¶6}** The trial court found that it was in the best interest of the child to terminate parental rights and grant permanent custody to the agency. The trial court denied the mother's motion to grant legal custody to the maternal grandmother and ordered that R.Mc. be placed in the agency's permanent custody, thus terminating the mother and father's parental rights.

## II. ASSIGNMENT OF ERROR

**{¶7}** The mother raises one assignment of error:

I.      THE TRIAL COURT ERRED IN FAILING TO FULLY CONSIDER KINSHIP PLACEMENT WITH [R.Mc.'S] MATERNAL GRANDMOTHER UNDER A CLEAR AND CONVINCING STANDARD.

## III. ANALYSIS

### A. THE STANDARD OF REVIEW WHEN DETERMINING SUITABILITY OF KINSHIP PLACEMENT

**{¶8}** The mother argues that the trial court erred when it failed to consider kinship placement and find by clear and convincing evidence it was unsuitable. She acknowledges that Ohio courts do not require the trial court to use a "clear and convincing" standard in deciding whether kinship placement is unsuitable, citing *In re Dyal*, 4th Dist. Hocking No. 01CA11, 2001 WL 925379 (Aug. 9, 2001). However, she contends that the standard should be changed because placement with a relative will preserve the right of a parent to the care and custody of their child and preserve sibling relationships. In essence, she asks that we overturn both *Dyal* and the Supreme Court of Ohio case law*.

**{¶9}** In *Dyal* a maternal grandmother contended that the trial court erred in determining that placement with her was unsuitable and awarding permanent custody of

the child to the agency.  Although some of the language in *Dyal*, *supra* may seem to assert the trial court need not even consider kinship placement, that is not the holding of the case. Indeed, when read in its entirety *Dyal* makes it clear that although kinship placement may be relevant, the statute does not require the court to find it unsuitable by clear and convincing evidence before rejecting such a placement. We held, "In other words, a juvenile court need not find, by clear and convincing evidence, that a relative is an unsuitable placement option prior to granting the permanent custody request." *Id.* at *4.

{¶10}  Several years after *Dyal,* the Supreme Court of Ohio addressed this issue and likewise concluded that the relevant statute does not require the juvenile court find by clear and convincing evidence that no suitable relative is available for placement when deciding an agency's motion for permanent custody. In *In re Schaefer*, 111 Ohio St.3d 498, 2006-Ohio-5513, 857 N.E.2d 532, ¶ 64, the Supreme Court concluded:

> The statute requires a weighing of all relevant factors * * * . R.C. 2151.414 requires the court to find the best option for the child once a determination has been made pursuant to R.C. 2151.414(B)(1)(a) through (d). The statute does not make the availability of a placement that would not require a termination of parental rights an all-controlling factor. The statute does not even require the court to weigh that factor more heavily than other factors.

Thus the appellate court in *Schaefer* had erred in determining that the trial court should have required the agency "to present clear and convincing evidence that no suitable relative was available for placement." Accordingly, the Supreme Court reversed the judgment of the appellate court and reinstated the judgment of the trial court. *Id.* at ¶ 27, 66.

**{¶11}** Although possible kinship placement and sibling relationships are factors relevant to the court's best interest determination, the statute does not require a court to find by a "clear and convincing standard" that no suitable relative is available before awarding custody to the agency. *See* R.C. 2151.414(D); *In re M.O.*, 4th Dist. Ross No. 10CA3189, 2011-Ohio-2011, ¶ 13, citing *In re Schaefer*, 111 Ohio St.3d 498, 2006-Ohio-5513, 857 N.E.2d 532. We decline the mother's invitation to judicially craft such a standard into the statute and reject our highest court's precedent. *See In re Grand Jury Subpoena Duces Tecum Directed to the Keeper of Records of My Sister's Place*, 4th Dist. Athens No. 01CA55, 2002-Ohio-5600, ¶ 22 ("By and large, courts of appeal in Ohio function in an error correction capacity. We leave the creation of public policy to the legislature and the Supreme Court.").

**{¶12}** Accordingly, we overrule the mother's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Juvenile Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J. & Abele, J.: Concur in Judgment and Opinion.


For the Court



BY: _____
        William H. Harsha, Judge




## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**